UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NORRIS HOLDER, )<br>)<br>            Plaintiff, )<br>     vs. )<br>)<br>H.J. MARBERRY, Warden, et al., )<br>)<br>            Defendants. ) | No. 2:10-cv-36-JMS-DKL |

**Entry Discussing Motion for Summary
Judgment as to the Failure-to-Exhaust Defense**

For the reasons explained in this Entry, the defendants' motion for summary judgment as to the plaintiff's claim that he was improperly removed from his prison job as a unit orderly (hereafter "the loss of orderly position claim") must be **granted.**

**Background**

One of the claims in this action brought by Norris Holder pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), is that staff at the United States Penitentiary in Terre Haute, Indiana ("USP"), retaliated against him by taking his evening orderly position. This is alleged to have occurred on or about October 30, 2008. The loss of orderly position claim rests on Holder's allegation that he lost his job because he complained of Officer Shari Cox's "usury of power on the unit." This is a reference to the Special Confinement Unit (SCU) to which Holder was assigned at the United States Penitentiary at Terre Haute, Indiana. Cox is employed by the Federal Bureau of Prisons ("BOP") at the Terre Haute facility and is among the defendants Holder has sued.

The defendants seek resolution of Holder's claims through the entry of summary judgment. The argument supporting such motion as to the loss of orderly position claim claim is different than the arguments supporting such motion as to the remaining claims. Only the loss of orderly position claim is discussed in this Entry.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Applicable Law

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. ' 1983 authorizes such suits against state officers." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Claims asserted under a *Bivens* theory are brought pursuant to subject matter jurisdiction conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

A prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred. *See Johnson v. Stovall,* 233 F.3d 486, 489 (7th Cir. 2000). To succeed on such a claim here would require that Farrugia show that: (1) his complaints were protected activity under the First Amendment; (2) the defendants' actions would deter protected activity in the future; and (3) his complaints motivated the defendants' actions. *See Watkins v. Kasper,* 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009).

It is clear, therefore, that Holder has brought an action in which he asserts a claim which the law recognizes. However, he is not entitled at this point to litigate the merits of the loss of orderly position claim.

The defendants have has presented as an affirmative defense their contention that Holder failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action. The law applicable to this affirmative defense is this: The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). When asserted, the defense must be resolved prior to the merits of a claim being reached. *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

### Material Facts

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Holder as the non-moving party with respect to the motion for summary judgment as to the loss of orderly position claim.

- Holder is confined at the USP, a prison operated by the BOP. The defendants are each employed by the BOP and work at the USP. The loss of orderly position claim is against the defendants in their individual capacities pursuant to the theory recognized in *Bivens.*

- The BOP has an administrative remedies program. The loss of orderly position claim is within the scope of subjects which could be grieved through the BOP administrative remedies program.

- In general, the BOP administrative remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP–9 to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the BP-9 occurred, or within any extension permitted. 28 C.F.R. § 542.14.

- An inmate who is dissatisfied with the Warden's response to his BP–9 may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. Appeal to the General Counsel is the final administrative appeal. Response times for each level of review are set forth in 28 C.F.R. § 542.18. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

- Steps are taken so that all inmates, including Holder, are made aware of the administrative remedy filing procedures within a BOP facility. All requests for administrative remedy are logged and tracked in the SENTRY computer database, which is an electronic record keeping system utilized by the BOP.

- As of July 13, 2001, Holder had filed a total of twenty (20) Administrative Remedy requests since he began his term of incarceration. He did not, however, file an administrative grievance or complete the grievance procedure with respect to the loss of orderly position claim.

## Discussion

Holder seeks to avoid the conclusion to which the evidentiary record points by challenging the validity of that record. However, the court does not find that record to be inadequate in any respect. In particular, **Fed.R.Civ.P.** 56(c)(4) states: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The affidavits of T. Myers meet that standard.

Holder also maintains that he was told by Warden Marberry and Case Worker Ryherd that he should wait to initiate an administrative remedy concerning the alleged taking of the orderly position. The defendants discount this as hearsay, which cannot create a genuine issue of material fact. *Winskunas v. Birnbaum,* 23 F.3d 1264, 1268 (7th Cir. 1994). But this alleged statement is not hearsay. Federal Rule of Evidence 801(d)(2)(D) excludes from the hearsay rule "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *See Geleta v. Gray,* 645 F.3d 408, 414-15 (Cir.D.C. 2011).

Nonetheless, this alleged statement is not sufficient to prevent the entry of summary judgment as to the loss of orderly position claim. Holder's account of the alleged statements by Warden Marberry and Case Worker Ryherd is vague, and as such is not sufficient to create a material question of fact. *See* Fed.R.Civ.P. 56(e)(2) ("[A]n opposing party may not rely merely on allegations or denials . . . ; rather, its response must . . . set out specific facts showing a genuine issue for trial."). "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990); *see also Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 674 (10th Cir. 1998)("Vague, conclusory statements do not suffice to create a genuine issue of material fact."); *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985)(conclusions are not "facts to which an affiant is competent to testify, [and] legal argument in an affidavit may be disregarded"), *cert. denied,* 475 U.S. 1107 (1986).

Additionally, even if the statements attributed to Warden Marberry and Case Worker Ryherd could be considered as part of the evidentiary record, the information conveyed by them does not aid Holder. It is true that if a prisoner is told to wait to file a grievance, and the wait renders the claim untimely, the process has been found to have been unavailable. *Brown v. Croak,* 312 F.3d 109, 112 (3d Cir. 2002). "Prison officials may not take unfair advantage of the exhaustion requirement, [ ] and a remedy becomes 'unavailable' if prison employees . . . use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d at 809. Holder does not claim that he held back on account of these alleged statements; on the contrary, he contends that he did properly file grievances as to the loss of orderly position claim. Even if he had held back, moreover, the grievance process remained available to Holder. *Kaba v. Stepp, 458* F.3d 678, 684 (7th Cir. 2006)(when an offender challenges the availability of administrative remedies, courts apply "an objective test, under which the court looks at whether 'a similarly situated individual of ordinary firmness would have deemed the grievance procedures to be available.'")(quoting *Hemphill v. New York,* 380 F.3d 680,688 (2d Cir. 2004)). For this multitude of reasons, therefore, Holder's account of statements by Warden Marberry and Case Worker Ryherd does not defeat the defendants' motion for summary judgment as to the loss of orderly position claim.

Finally, Holder argues that he did include the loss of orderly position claim in administrative grievances which were presented, but this contention is not established by the record of those grievances.

The defendants have met their burden of proving that Holder "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). Thus, Holder's failure to properly exhaust available administrative remedies as to the loss of orderly position claim bars the further development of that claim in this case.

## Conclusion

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th Cir. 2001). The defendants have shown that there was a multi-step grievance procedure available to Holder at the FCI, that his claim of having been improperly removed from his position as a unit orderly was grievable, and that Holder did not both file a grievance and complete each step of the grievance process with respect to such claim.

The consequence of Holder's failure to properly exhaust his administrative remedies as to the loss of orderly position claim, in light of 42 U.S.C. § 1997e(a), is that such claim should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 ((7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The motion for summary judgment [40] as to the loss of orderly position claim is **granted.**

       No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

       **IT IS SO ORDERED.**

Date: 09/28/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Norris Holder
Reg No. 26902-044
Terre Haute - FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808